IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIE C. McNABB, ) | |
| # 227321, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:09cv362-TMH |
| ) | (WO) |
| BILLY MITCHEM, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a petition under 28 U.S.C. § 2254 for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama.

## I.   INTRODUCTION AND PROCEDURAL HISTORY

On June 8, 2006, following a jury trial, the petitioner, Willie C. McNabb ("McNabb"), was convicted in the Pike County Circuit Court of second-degree kidnapping in violation of § 13A-6-44(a), Ala. Code 1975. On November 20, 2006, the trial court sentenced McNabb, as a habitual offender with one prior felony conviction, to 25 years in prison.

McNabb filed a direct appeal in which he argued that (1) the State did not present sufficient evidence to sustain his conviction for second-degree kidnapping and (2) his 25-year sentence was excessive. (*Doc. No. 9, Exh. B.*).[1] On September 21, 2007, the Alabama Court of Criminal Appeals affirmed McNabb's conviction in an unpublished memorandum

---

[1] Unless otherwise indicated, all references to exhibits are to Respondents' Exhibits included with Respondents' Answer, Doc. No. 9.

opinion. (*Exh. C.*) McNabb did not request a rehearing in the Alabama Court of Criminal Appeals, nor did he petition the Alabama Supreme Court for a writ of certiorari. On October 11, 2007, the Alabama Court of Criminal Appeals issued a certificate of judgment in the case. (*Exh. D.*)

On January 28, 2008, McNabb filed a *pro se* state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure with the Circuit Court of Pike County (the trial court), in which he placed a check mark beside the following grounds for relief: (1) the court was without jurisdiction to render the judgment or impose the sentence; (2) the sentence imposed exceeds the maximum authorized by law, or is not otherwise authorized by law; and (3) the petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part. (*Exh. E., pp. 9-19.*) In an attached brief, McNabb further alleged that (1) his trial counsel was ineffective for failing to object at trial to the trial court's charging the jury on the lesser included offense of second-degree kidnapping;[2] (2) the trial court erred in failing to instruct the jury on the lesser included offense of false imprisonment; and (3) he failed to appeal because of his counsel's failure to timely inform him of the need to seek rehearing in the Alabama Court of Criminal Appeals. (*Id., pp. 20-47.*) After receiving a response from the State, which included an affidavit from McNabb's trial counsel (*id., pp. 49-51*), the trial court entered an order denying McNabb's Rule 32 petition on June 18, 2008 (*id., pp. 55-58*).

---

[2] McNabb was indicted for first-degree kidnapping in violation of § 13A-6-43(a), Ala. Code 1975.

2

McNabb, proceeding *pro se*, appealed the denial of his Rule 32 petition to the Alabama Court of Criminal Appeals, where he asserted the following claims:

1. His trial counsel rendered ineffective assistance because he did not object when the trial court instructed the jury on the lesser included offense of second-degree kidnapping.

2. The trial court erred by not instructing the jury on the lesser included offense of false imprisonment.

3. He failed to file for a rehearing with the Alabama Court of Appeals, through no fault of his own, due to ineffective assistance of counsel.

(*Exh. F; see also Exh G.*)

On October 24, 2008, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of McNabb's Rule 32 petition. (*Exh. H.*) The appellate court's opinion, in relevant part, held as follows:

1. The record supported the trial court's finding that the evidence at trial warranted a jury instruction on the lesser included offense of second-degree kidnapping. Therefore, McNabb did not show that his counsel's failure to object to the trial court's instruction constituted deficient performance and that he was prejudiced by the allegedly deficient performance. Accordingly, with regard to this claim, McNabb did not satisfy his burden of pleading pursuant to Ala.R.Crim.P. 32.3 and 32.6(b) and *Strickland v. Washington*, 466 U.S. 668 (1984).

2. McNabb's claim of error based on the trial court's failure to instruct the jury on the lesser offense of false imprisonment was precluded, pursuant to Ala.R.Crim.P. 32.2(a)(3) and 32.2(a)(5), because it could have been, but was not, raised at trial and on appeal.

3. McNabb's claim that he failed to file for a rehearing through no

3

>       fault of his own and due to his counsel's ineffective assistance
>       lacked merit.

(*Id.*) McNabb did not request a rehearing in the Alabama Court of Criminal Appeals, nor did he petition the Alabama Supreme Court for a writ of certiorari. On November 12, 2008, the Alabama Court of Criminal Appeals issued a certificate of judgment in the case. (*Exh. I.*)

On or about April 15, 2009, McNabb initiated this 28 U.S.C. § 2254 action by filing a petition for a writ of habeas corpus asserting the following claims:

1. His trial counsel rendered ineffective assistance because he did not object when the trial court instructed the jury on the lesser included offense of second-degree kidnapping.

2. The trial court erred by not instructing the jury on the lesser included offense of false imprisonment.

3. He failed to file for a rehearing on direct appeal with the Alabama Court of Appeals, through no fault of his own, due to ineffective assistance of counsel.

(*Doc. No. 1.*)

The respondents argue that all of McNabb's claims are procedurally defaulted because McNabb failed to present these claims to the state courts in accordance with the State's procedural rules. (*Doc. No. 9.*) Specifically, the respondents assert that McNabb failed to exhaust any of his claims properly by requesting a rehearing in the Alabama Court of Criminal Appeals – either after that court affirmed his convictions on direct appeal or after that court affirmed the trial court's denial of his Rule 32 petition – and then by petitioning the Alabama Supreme Court for a writ of certiorari. (*Id., pp. 5-10.*) The respondents further

assert that because any attempt by McNabb now to exhaust his unexhausted claims in state court would be untimely and therefore futile, McNabb's claims are procedurally defaulted. (*Id.*) McNabb was afforded an opportunity to reply to the respondents' arguments (*see Doc. No. 10*), but failed to do so.

Upon consideration of the § 2254 petition, the parties' submissions, the record, and the applicable federal law, the court determines that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that the present habeas petition is due to be denied as the claims raised therein by the petitioner are procedurally barred from federal review.

## II. DISCUSSION

As indicated above, the respondents argue that all of McNabb's claims for federal habeas relief are procedurally defaulted because McNabb failed to present the claims to the state courts in accordance with the State's procedural rules. (*See Doc. No. 9.*) The record reflects that McNabb first presented the claims contained in his federal habeas petition to the state trial court in his Rule 32 petition. He appealed the trial court's denial of his Rule 32 petition to the Alabama Court of Criminal Appeals, and that court affirmed the denial of post-conviction relief. Thereafter, however, he failed to request a rehearing in the Alabama Court of Criminal Appeals; nor did he petition the Alabama Supreme Court for a writ of certiorari. Therefore, the record establishes that McNabb failed to exhaust his claims in the state courts. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must

5

give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary.); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) ("Nothing in *Boerckel's* reasoning suggests that a different rule should apply in state post-conviction appeals as opposed to direct appeals."); *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001) ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule.")

Moreover, because the deadlines for McNabb to request a rehearing in the Alabama Court of Criminal Appeals and petition the Alabama Supreme Court for a writ of certiorari have passed, and no state remedy remains, all of McNabb's claims are procedurally defaulted. "It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure ... constitutes a procedural bar." *McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005). *See Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when a petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted); *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999) ("[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile."); *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted

claims would be procedurally barred in state court due to a state-law procedural default, [federal courts must] ... treat those claims now barred by state law as [procedurally defaulted with] no basis for federal habeas relief.").

This court may reach the merits of McNabb's procedurally defaulted claims "only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); [*Wainwright v.*] *Sykes*, 433 U.S. [72,] 87 [(1977)]... . Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96. A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*." *Henderson*, 353 F.3d at 892.

### A.   Cause and Prejudice

> "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id*.; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir. 2002).

*Henderson*, *supra*, 353 F.3d at 892.

"For cause to exist, an external impediment, whether it be governmental interference or the reasonable availablity of the factual basis for the claim, must have prevented petitioner

from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991).  McNabb has not shown that some external impediment prevented him from requesting a rehearing of the Alabama Court of Criminal Appeals' decision affirming the trial court's denial of his Rule 32 petition and from thereafter petitioning the Alabama Supreme Court for a writ of certiorari.  Indeed, he makes no attempt to meet his burden of establishing cause for his procedural default.  Consequently, he has failed to overcome the procedural default of his claims. Nevertheless, this court may still reach the merits of McNabb's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

### B.     *Fundamental Miscarriage of Justice*

A federal court may grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray v. Carrier,* 477 U.S. 478, 495-96 (1986).  A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent.  *See Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

The miscarriage of justice standard is directly linked to actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted.  *Id.* at 315.  This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *Schlup v. Delo*, *supra*. "To

8

establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The standard exacted by *Schlup* "is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims." 547 U.S. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

McNabb fails to make the requisite showing, and indeed makes no attempt to do so. He presents no evidence – nor suggests that any exists – that could satisfy the difficult

9

standard set forth in *Schlup*. Consequently, his procedurally defaulted claims are foreclosed from federal habeas review.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by McNabb (*Doc. No. 1*) be DENIED.

2. This case be DISMISSED with prejudice.

It is further

ORDERED that on or before **April 4, 2011,** the parties may file objections to the Recommendation. Objections must specifically identify the findings in the Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in this Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981).

DONE, this 21st day of March, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE